SUSAN T. LOID, ADMINISTRATRIX OF WILLIAM H. LOID, DECEASED, RESPONDENT, v. J. S. ROGERS COMPANY, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. A master is liable for negligence in furnishing appliances, in this case a derrick, with structural defects, causing injury to the servant.
2. It was a jury question whether the death of the plaintiff's intestate was caused by a structural defect; the slipping of the foot of a derrick, due to the absence of projecting nails through the plank on which the feet of the derrick rested for support, or whether it was the result of some other cause.

On appeal from the Supreme Court.

For the respondent, *Wescott & Weaver.*

For the appellant, *Edward A. Armstrong.*

The opinion of the court was delivered by

BLACK, J. This is the third trial of this case, reviews of the two former trials in this court, are reported in *Loid* v. *Rogers Co.,* 68 *N. J. L.* 713; *Loid* v. *Rogers Co.,* 77 *Id.* 784.

Under the law of the case derived from those opinions, the sole ground on which the defendant as master can be held is for a structural defect in the derrick. The alleged structural defect in the derrick is the fact that the projecting nails to prevent the plank from slipping, which held the feet of the derrick, were absent.

The plaintiff, as the administrator of William H. Loid, sued the defendant company to recover damages for causing the death of William H. Loid, alleging negligence of the defendant company. The testimony shows that some men were engaged in the use of a derrick that was leaning over beyond a perpendicular position, as the men were straighten-

ing it, for some reason or other, the foot of the derrick
slipped, the upper portion of the derrick went down and
carried with it one of the guy ropes, which in turn caught
the deceased and carried him over the side of the building, by
which he was killed.

At the first trial Rogers (now dead) testified for the de-
fence that the plank, on which the feet of the derrick rested,
was a part of the derrick itself, for holding it in place, the
nails, forty penny nails, a dozen or so, ran through the
plank or so projected an inch beyond the bottom of the plank,
to prevent the plank from slipping. The fact of the nails
being there was denied, but the testimony was consistent with
their having been there and that the defendant recognized
that they ought to be there to keep the foot of the derrick
from slipping. This court, in the above case, in *Loid* v.
*Rogers Co.*, 68 *N. J. L.* 713, held that this raised a jury ques-
tion, but reversed the judgment, because the defendant's re-
quest as to obvious risks was denied; at the second trial, that
reported in *Loid* v. *Rogers Co.*, 77 *Id.* 784, Rogers was not a
witness; at the third trial, resulting in the judgment, now
under review, Rogers testimony was read to the jury. The only
question, therefore, is whether there was a jury question. We
think there was. This question was sharply presented to the
jury by the trial judge, when he said, "Now it is only in the
event that you find there was an undertaking on the part of
Rogers to supply these nails, and that there was a failure in
that regard, that any negligence is established in the de-
fendant." In our reports there are a number of cases illustrat-
ing the master's liability for injuries to servants caused by
structural defects in appliances furnished by the master to his
servants (4 *N. J. Dig.* 8266 *et seq.*) ; in other courts there
are also many cases. 26 *Cyc.* 1097 B; 4 *Thomp. Neg.*, ¶ 3986
*et seq.*, ¶ 3760; 18 *R. C. L.*, ¶ 188; 1 *Sher. & Redf. Neg.*, ¶
194 *et seq.* (6*th ed.*).

The rule is thus stated, that if the master knows or
would have known if he had used ordinary care to ascertain
the facts, that the appliance or materials which he provides

for the use of his servants are unsafe or structurally defective, and a servant without contributory fault, suffers injury thereby, the master is liable therefor.

Finding no error in the record the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.